UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br>Plaintiff,<br>v.<br>CLOUDFLARE, INC.,<br>Defendant. | Case No. 25-cv-10300-AGT<br>**ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br>Re: Dkt. No. 44 |

Previously, the Court granted Cloudflare's motion to dismiss the first amended complaint. The Court held that Section 230(c)(1) of the Communications Decency Act, 47 U.S.C. § 230(c)(1), barred Plaintiff's claim against Cloudflare for violations of the Violence Against Women Act Reauthorization Act of 2022 § 1309, 15 U.S.C. § 6851. Dkt. 40.

In opposing Cloudflare's motion to dismiss the first amended complaint, Plaintiff had requested leave to amend but hadn't explained how she could amend her complaint to avoid § 230(c)(1) immunity. Rather than deny leave outright at that time, the Court allowed Plaintiff to file a motion for leave to amend, which Plaintiff did. Dkt. 44.

Having considered Plaintiff's motion and proposed second amended complaint, the Court holds that the proposed amendment would be futile. The amended claim for violation

of 15 U.S.C. § 6851 is still barred by 47 U.S.C. § 230(c)(1).

Plaintiff alleges that "Cloudflare assists Facebook with, and facilitates, the disclosure of [nonconsensual intimate images ("NCII")] by making content accessible." Dkt. 44-2, Proposed Second Am. Compl. ("SAC") ¶ 1. "This dissemination of content is a clear function of a publisher as required for immunity under section 230." Dkt. 40 at 6–7 (citing *Doe 1 v. Twitter, Inc.*, 148 F.4th 635, 640 (9th Cir. 2025)).

Plaintiff also alleges that Cloudflare has a duty not to disclose NCII. *See* Proposed SAC ¶¶ 126–27 ("In disclosing the Plaintiff's . . . intimate visual depictions, Cloudflare knew that Plaintiff did not consent to such disclosures or recklessly disregarded whether Plaintiff consented to such disclosures. As a consequence, Plaintiff [is] . . . entitled to recover liquidated damages . . . ."). This duty "would necessarily require [Cloudflare] to monitor third-party content," which triggers Section 230(c)(1) immunity. *HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676, 682 (9th Cir. 2019).

The Court may deny leave to amend when an amendment would be futile. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010). Concluding that Plaintiff's proposed second amended complaint would be barred by Section 230(c)(1), and thus futile, the Court denies Plaintiff's motion for leave to amend.

The Clerk of Court shall enter judgment for Cloudflare and close the case file.

**IT IS SO ORDERED.**

Dated: September 2, 2026

Alex G. Tse
United States Magistrate Judge